IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL VIGIL,                           No. CIV.S-06-1015 DFL DAD PS

      Plaintiff,

  v.                                     <u>ORDER AND</u>

SEAN GEDDES,                             <u>ORDER TO SHOW CAUSE</u>

      Defendant.
_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      As far as the court can ascertain, plaintiff's three-page complaint arises out of a Small Claims Court action involving damage to an automobile. That Small Claims action was brought by an

1

1  individual named Ray Ybarra against a "truck shop."  Apparently, that
2  shop caused some damage to the fuel tank of Mr. Ybarra's truck.  Mr.
3  Ybarra then hired plaintiff to repair that damage, which cost
4  approximately $800, and sued the shop for damages.
5          According to the complaint, the Small Claims action
6  resulted in an award for Mr. Ybarra, but only in the amount of $200.
7  Plaintiff disagrees with that award, presumably because it is far
8  less than the $800 he was owed by Mr. Ybarra.  The complaint alleges
9  that defendant Sean Geddes, the judge pro tem in the Small Claims
10 Court action, sided with the truck shop in awarding only $200 in
11 damages as a result of racial prejudice.  According to the somewhat
12 difficult to decipher and distorted allegations of the complaint,
13 plaintiff and Mr. Ybarra are Mexican-Americans and defendant Geddes
14 is:

> [A] Former [Ku] Klux Klan member and a White
> Supremacy member in his Youth spreading White
> Supremacy [literature throughout] California has
> [wholly demonstrated] racial hate crimes in a
> Court Room in California Presiding as a Judge Pro
> [Tem].

(Compl. at 2.)  The complaint prays for $150,000 in damages against
Mr. Geddes and also alleges: "If Judge Pro Temp Sean Geddes has a
racial Problem Sean Geddes should do humanity a Favor and resign his
Position and then Hang Himself."  (Compl. at 3.)

        In any event, no basis for federal jurisdiction is alleged
in the complaint.  Indeed, it appears that the court lacks subject
matter jurisdiction over this action.  See Bell v. Hood, 327 U.S.
678, 682 (recognizing that a claim is subject to dismissal for want

2

of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted).

Subject matter jurisdiction appears to be lacking also because plaintiff's complaint essentially seeks appellate review of a state court Small Claims proceeding. As a general matter, a federal district court does not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).[1]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted;

2. Plaintiff shall show cause in writing within twenty

---

[1] Further, even if subject matter jurisdiction lies, the only named defendant, Judge Pro Tem Geddes, would appear to be entitled to absolute judicial immunity with respect to plaintiff's claim against him. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Meek v. County of Riverside, 183 F.3d 962, 965-68 (9th Cir. 1999); Partington v. Gedan, 961 F.2d 852, 866-67 (9th Cir. 1992).

3

1  days of the date that this order is filed why this matter should not
2  be dismissed for lack of subject matter jurisdiction.  <u>See</u> Fed. R.
3  Civ. P. 12(h)(3); and
4          3.   Plaintiff is forewarned that the failure to timely
5  comply with the terms of this order will result in a recommendation
6  that this action be dismissed.
7  DATED: August 10, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

12 DAD:th
Ddad1\orders.prose\vigil1015.ifp.osc

4